| | |
|---|---|
| District Court  Larimer _____ County, Colorado<br>Court Address:<br>201 LaPorte Ave., Suite 100<br>Fort Collins, CO 80521 | |
| Plaintiff(s): Lynda Hickey<br><br>v.<br><br>Defendant(s): National Association of Letter Carriers, AFL-CIO | ▲   **COURT USE ONLY**   ▲ |
| Attorney or Party Without Attorney (Name and Address):<br>Robert M. Liechty, Robert M Liechty PC, 1800 Gaylord St., Denver, CO 80206<br><br>Phone Number: 303 861-5300  E-mail: rliechty@crossliechty.com<br>FAX Number: 303 861-2746    Atty. Reg. #: 14652 | Case Number: 20-cv-<br><br><br>Division         Courtroom |
| **DISTRICT COURT CIVIL (CV) CASE COVER SHEET FOR INITIAL PLEADING OF COMPLAINT, COUNTERCLAIM, CROSS-CLAIM OR THIRD PARTY COMPLAINT** | |

1. **This cover sheet shall be filed with each pleading containing an initial claim for relief in every district court civil (CV) case, and shall be served on all parties along with the pleading.** It shall not be filed in Domestic Relations (DR), Probate (PR), Water (CW), Juvenile (JA, JR, JD, JV), or Mental Health (MH) cases. Failure to file this cover sheet is not a jurisdictional defect in the pleading but may result in a clerk's show cause order requiring its filing.

2. **Check one of the following:**

   ☐ This case is governed by Chief Justice Directive ("CJD") 11-02 and the "Colorado Civil Access Pilot Project Rules Applicable to Business Actions in District Court" because:

   - The case is filed within the period of January 1, 2012 through December 31, 2013; *AND*

   - The case is filed in a Pilot Project participating jurisdiction (Adams County, Arapahoe County, Denver County, Gilpin County, or Jefferson County); *AND*

   - The case is a "Business Action" as defined in CJD 11-02, Amended Appendix A for inclusion in the Pilot Project.

   ☑ This case is not governed by the Colorado Civil Access Pilot Project Rules.

   *NOTE:* ***Cases subject to the Colorado Civil Access Pilot Project must be governed by the Rules in CJD 11-02*** *(available at http://www.courts.state.co.us/Courts/Supreme_Court/Directives/Index.cfm). The presiding judge will review Item 2 for accuracy. The designation on this initial Cover Sheet will control unless the Court orders otherwise.*

3. **If this case is not governed by the Colorado Civil Access Pilot Project Rules as indicated in Item 2, check the following:**

   ☐ This case is governed by C.R.C.P. 16.1 because:

   - The case is not a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding; *AND*

- A monetary judgment over $100,000 is not sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

☑ This case is not governed by C.R.C.P. 16.1 because (check ALL boxes that apply):

☐ The case is a class action, forcible entry and detainer, C.R.C.P. 106, C.R.C.P. 120, or other similar expedited proceeding.

☑ A monetary judgment over $100,000 is sought by any party against any other single party. This amount includes attorney fees, penalties, and punitive damages; it excludes interest and costs, as well as the value of any equitable relief sought.

NOTE: In any case to which C.R.C.P. 16.1 does not apply, the parties may elect to use the simplified procedure by separately filing a Stipulation to be governed by the rule within 35 days of the at-issue date. See C.R.C.P. 16.1(b)(1) (re: case type) and C.R.C.P. 16.1(e) (re: amount in controversy). In any case to which C.R.C.P. 16.1 applies, the parties may opt out of the rule by separately filing a Notice to Elect Exclusion (JDF 602) within 45 days of the at-issue date. See C.R.C.P. 16.1(d).

☐ A Stipulation or Notice with respect to C.R.C.P. 16.1 has been separately filed with the Court, indicating:

☐ C.R.C.P. 16.1 applies to this case.

☐ C.R.C.P. 16.1 does not apply to this case.

**4.** ☑ This party makes a **Jury Demand** at this time and pays the requisite fee. See C.R.C.P. 38. (Checking this box is optional.)

Date: ___January 15, 2019___

**Robert M. Liechty** <small>Digitally signed by Robert M. Liechty<br>DN: cn=Robert M. Liechty, o, ou,<br>email=liechty@crossliechty.com, c=US<br>Date: 2015.07.29 16:53:45 -06'00'</small>

Signature of Party or Attorney for Party

| | |
|---|---|
| District Court, Larimer County, Colorado<br>201 LaPorte Avenue, Suite 100<br>Ft Collins, CO 80521-2761 | DATE FILED: January 16, 2020<br>CASE NUMBER: 2020CV30052 |
| Plaintiff(s): LYNDA HICKEY<br><br>v.<br><br>Defendant(s): NATIONAL ASSOCIATION OF<br>LETTER CARRIERS, AFL-CIO | ▲  **COURT USE ONLY**  ▲<br>Case Number: 2020CV30052<br><br>Courtroom: 5B |
| **NOTICE JUDICIAL CIVIL CASE MANAGEMENT** | |

All civil cases are subject to judicial screening and case management. This case is assigned to Judge GREGORY M LAMMONS - 5B.  Trial will not be set until the Court determines that a trial setting is appropriate.  Within 30-40 days of filing, your case will be reviewed and appropriate orders sent to counsel and pro se parties

It is imperative that all returns of service be filed promptly with the Court, so that the Court, when reviewing the case, can accurately assess its status.

Plaintiff's counsel shall provide a copy of this notice to all counsel (or pro se parties) who enter appearances.

The Civil Case Cover Sheet (JDF 601) required pursuant to C.R.C.P. 16.1 was to be included with your initial pleading.  If it was not included, it must be filed within 14 days from the date of this notice.

Dated January 16, 2020.


Chief Judge Stephen E Howard


Copies sent to:      ATP      via JPOD

| | |
|---|---|
| DISTRICT COURT, COUNTY OF LARIMER, STATE OF COLORADO<br><br>Address:    201 LaPorte Ave., Suite 100<br>            Fort Collins, Colorado 80521<br>Telephone:  970-494-3500 | |
| **Plaintiff:    LYNDA HICKEY**<br><br>v.<br><br>**Defendant:    NATIONAL ASSOCIATION OF LETTER<br>            CARRIERS, AFL-CIO** | ▲**COURT USE ONLY** ▲<br><br><br>Case No.: 20-cv-_ |
| Attorney for Plaintiff Hickey:<br>Attorney:   Robert M. Liechty, No. 14652<br>            ROBERT M LIECHTY PC<br>Address:    1800 Gaylord St.<br>            Denver, CO 80206<br>Phone No.   (303) 861-5300<br>Fax:        (303) 861-2746<br>E-mail      rliechty@crossliechty.com | Ctrm _ |
| **COMPLAINT AND JURY DEMAND** | |

Plaintiff Lynda Hickey, by her attorney, Robert M. Liechty, Esq., of ROBERT M LIECHTY PC, brings her complaint as follows:

1.      Plaintiff Lynda Hickey resides in Wellington, Colorado. Defendant National Association of Letter Carriers, AFL-CIO, has its headquarters in Washington DC, but has a Local Branch 849 located in Fort Collins. All the actions relevant to this case occurred within Larimer County.

2.      Ms. Hickey began working for the Postal Service in 2000 and, since 2003, she has worked at the facility in Fort Collins, Colorado. She has belonged to the National Association of Letter Carriers for her entire employment with the Postal Service. She was the only deaf letter carrier at the Fort Collins facility and always received above average job reviews.

3.      Ms. Hickey has a cochlear implant in her left ear and uses a hearing aid in her right ear turned up to over 100 dB. With these devices her hearing tests indicate that she can hear approximately one third of the words spoken to her.

4.      Ms. Hickey had made at least 10 attempts to have the union file a grievance on her behalf because the post office would not accommodate her deafness. The union refused to file such grievances stating that there was nothing in the Collective Bargaining Agreement that would allow for such a grievance.

5.      Instead of filing union grievances, Ms. Hickey filed approximately 10 EEO complaints, four of which proceeded all the way through to an EEOC determination. The union did nothing to help her with the EEO complaints.

6.      In approximately 2012, Gerry Hoffman, the union's Fort Collins steward, told plaintiff, or her husband, that she could not pursue an EEO claim at the same time as a union grievance. Ms. Danielle Fake-Moorman, president of the NALC Branch 849, told plaintiff, or her husband, the same thing in 2014.

7.      This was wrong. As a postal worker, Ms. Hickey was entitled to take her grievance to an arbitration and through the EEO process at the same time.

8.      Ms. Hickey's new station manager as of November, 2016, Jessica Bergen, and several co-employees believed that Ms. Hickey could hear and that she was using her "alleged" deafness to make unjustified requests. Because she had sought such accommodations, Ms. Bergen and Ms. Hickey's co-employees have continually discriminated and retaliated against her.

9.      On September 30, 2017, at approximately 10:00 a.m., co-employee Jackie Raynes manufactured an incident on the work-room floor with Ms. Hickey. Ms. Raynes waited until supervision had left the building and then she surprised Ms. Hickey by confronting her from behind as Ms. Hickey was sorting her mail into cubbyholes. Ms. Hickey noticed that someone was behind her because Ms. Hickey felt something touch her heel. She turned around and saw Ms. Raynes yelling at her, inches from her face. She pushed Ms. Raynes away.

10.     Ms. Hickey was suspended without pay on October 2 and the station manager, Jessica Bergen, issued a Notice of Removal on October 17, 2017, charging Ms. Hickey with "unacceptable conduct" because she had pushed Ms. Raynes. Ms. Bergen knew that the incident was manufactured as an excuse to justify Ms. Hickey's termination.

11.     Ms. Bergen was biased against Ms. Hickey because of her disability. She wrote the following on November 16, 2017, which explained management's contentions concerning the September 30 incident and Ms. Hickey's history at the post office:

> While previous discipline has expired the rule is known [*sic.*] as this is not the first time Ms. Hickey has been notified of such inappropriate behavior; she has previously been warned thru written administrative action for altercations with her co-workers and customers, no time off and on paid time off all for the same infractions of violent behavior. Ms. Hickey has admitted she is aware of the rule and has been given multiple warnings to correct her behavior.

2

12.     This statement was manufactured to support Ms. Hickey's termination. Ms. Hickey received two write ups, both in 2012. In the first incident, she told Danielle Fake-Moorman, the president of NALC Branch 849, that Ms. Fake-Moorman was rude and lazy for not filing a grievance on Ms. Hickey's behalf, even though Ms. Hickey asked her to do this numerous times. Ms. Hickey received a written reprimand for this. The second incident concerned a dispute with a Ms. Bridwell who came towards Ms. Hickey with clenched fists believing that Ms. Hickey had accused Ms. Bridwell of causing an accident while Ms Bridwell used Ms. Hickey's post office truck. Neither incident concerned Ms. Hickey's use of violence in the workplace.

13.     The true reason for Ms. Hickey's termination was because Ms. Bergen did not want to work with Ms. Hickey's disability and because she was tired of Ms. Hickey's repeated attempts to obtain accommodations.

14.     The Notice of Removal notified Ms. Hickey that her removal was deferred until a decision was made on the grievance, if one is filed; at the Step B level of the National Association of Letter Carriers-USPS Joint Dispute Resolution Process; or 14 calendar days after appeal was  received at Step B of the grievance procedure, whichever comes first. Ms. Hickey's removal was effective on December 5, 2017, 14 calendar days after her Step B appeal was received on November 21, 2017.

15.     Ms. Hickey filed a timely union grievance on her October 2 suspension and the October 17 Notice of Removal. While initiating the union grievance on the October 2 suspension, Ms. Hickey's husband asked Ms. Fake-Moorman if plaintiff could also file an EEO charge. Consistent with the misrepresentations in ¶ 6 above, Ms. Fake-Moorman told plaintiff's husband that she could not file an EEO complaint at the same time as a union grievance.

16.     On April 10, 2018, Ms. Hickey filed an internal EEO complaint, triggered by discovery issues in the arbitration, claiming, among other things, that discrimination and retaliation caused her termination. Thus, she was ready and willing to file EEO complaints and would have filed an EEO complaint after the December 5 termination had she been advised that this was possible.

17.     On May 3, 2018, the arbitrator issued his decision that the Postal Service had a valid reason to terminate Ms. Hickey and denied her grievance. On May 9, 2018, Mr. Roger Bledsoe, the western area national business agent from Hot Springs, Arkansas, called Ms. Hickey's husband about the arbitration result. He reasserted the above misrepresentation that Ms. Hickey could not have filed an EEO charge and a union grievance at the same time. However, he said that since the arbitration was completed, she could now file an EEO charge.

18.     On May 9, 2018, Ms. Hickey immediately sought relief through the internal EEO process, but was continually denied relief. She sought relief all the way through the EEOC itself. She retained an attorney to file a Rehabilitation Act claim under 29 USC §794 in the United States district court, but her claim was dismissed because she failed to exhaust her administrative remedies. She has continued that request for relief through a pending appeal.

19.     The Postal Service has continually argued that Ms. Hickey should have filed a request for relief under the Rehabilitation Act through the EEO process within 45 days of her termination on December 5, 2017, that is, by January 19, 2018.  Because Ms. Hickey relied upon the union's representative's statements that she could not simultaneously file a union grievance and an EEO complaint at the same time, Ms. Hickey missed this filing deadline.

20.     In all the above proceedings, except for the proceedings in district court and on appeal, Ms. Hickey was proceeding without counsel.

### FIRST CLAIM FOR RELIEF – negligence

21.     The union had a duty to guide plaintiff through the regulatory steps to protect her rights.  The union breached this duty by failing to tell plaintiff that she had the right to pursue a union grievance, containing a claim of discrimination, and an EEO complaint simultaneously.

22.     Because the union breached its duty to inform plaintiff of her rights, she missed her filing date of January 19, 2018, in which she could have filed an EEO claim of disability discrimination leading to her termination.

23.     She was damaged because she would have prevailed on the claim of disability discrimination or retaliation, either during the EEO process or through a Rehabilitation Act claim under 29 USC §794 filed with an attorney in federal district court.

24.     As a result, she has been damaged by failing to receive all the relief she would have received in the above Rehabilitation Act claim or action, which includes compensatory damages, lost wages, and attorneys fees.

### SECOND CLAIM FOR RELIEF – breach of fiduciary duty

25.     The union had a fiduciary duty to plaintiff to guide her through the regulatory steps through which she could protect her rights.  The union breached this fiduciary duty by failing to tell her that she had the right to pursue a union grievance containing a claim of discrimination and an EEO complaint simultaneously.

26.     Because the union did not inform plaintiff of her rights, she missed her filing date of January 19, 2018, in which she could have filed an EEO claim of disability discrimination leading to her termination.

27.     She was damaged because she would have prevailed on the claim of disability discrimination or retaliation, either during the EEO process or through a Rehabilitation Act action filed with an attorney in federal district court.

28.     As a result, she has been damaged by failing to receive all the relief she would have received in the above Rehabilitation Act claim or action, which includes compensatory damages, lost wages, and attorneys fees.

## THIRD CLAIM FOR RELIEF – negligent misrepresentation

29.     The union on several occasions in the course of its business with plaintiff represented to her that she could not pursue a union grievance and an EEO complaint at the same time.  The union knew that plaintiff would justifiably rely upon this representation to her detriment and she did so justifiably rely.  This representation was wrong because, under the regulations applicable to postal workers, she was required to pursue both avenues simultaneously.

30.     The union made this representation of a material fact without exercising due care. As a result, plaintiff missed her filing date of January 19, 2018, in which she could have filed an EEO claim of disability discrimination or retaliation leading to her termination.

31.     She was damaged because she would have prevailed on the claim of disability discrimination or retaliation, either during the EEO process or through a Rehabilitation Act action filed with an attorney in federal district court.

32.     As a result, she has been damaged by failing to receive all the relief she would have received in the above Rehabilitation Act claim or action, which includes compensatory damages, lost wages, and attorneys fees.

WHEREFORE, plaintiff Lynda Hickey respectfully requests that this court enter judgment in her favor and for costs, interest, attorney fees, and such other relief as this court may deem proper.

Plaintiff requests trial to a jury.

Respectfully submitted this January 16, 2020.

*Duly Signed Original Available at the offices of:*

ROBERT M LIECHTY PC


By:     s/     *Robert M. Liechty*
        Robert M. Liechty
        ATTORNEY FOR PLAINTIFF


Address of plaintiff:
7184 Mount Nimbus Street
Wellington, CO 80549

| | | |
|---|---|---|
| **DISTRICT COURT, COUNTY OF LARIMER, STATE OF COLORADO** | | |
| Address: 201 LaPorte Ave., Suite 100<br>Fort Collins, Colorado 80521<br>Telephone: 970-494-3500 | | |
| **Plaintiff:** **LYNDA HICKEY**<br><br>**v.** | **▲COURT USE ONLY ▲** | |
| **Defendant:** **NATIONAL ASSOCIATION OF LETTER CARRIERS, AFL-CIO** | Case No.: 20-cv-_ | |
| Attorney for Plaintiff Hickey:<br>Attorney: Robert M. Liechty, No. 14652<br>ROBERT M LIECHTY PC<br>Address: 1800 Gaylord St.<br>Denver, CO 80206<br>Phone No. (303) 861-5300<br>Fax: (303) 861-2746<br>E-mail rliechty@crossliechty.com | Ctrm _ | |
| **SUMMONS** | | |

TO THE DEFENDANT NAMED ABOVE:

You are hereby summoned and required to file with the Clerk of this Court an answer or other response to the attached Complaint. If service of the Summons and Complaint was made upon you within the State of Colorado, you are required to file your answer or other response within 21 days after such service upon you. If service of the Summons and Complaint was made upon you outside of the State of Colorado, you are required to file your answer or other response within 35 days after such service upon you.

If you fail to file your answer or other response to the Complaint in writing within the applicable time period, judgment by default may be entered against you by the Court for the relief demanded in the Complaint, without any further notice to you. The following documents are also served with this Summons: Complaint and Civil Case Cover Sheet.

Dated January 16, 2020.

*Signed Original Available at the offices of:*
ROBERT M LIECHTY PC

By:   s/   *Robert M. Liechty*
Robert M. Liechty
ATTORNEY FOR PLAINTIFF