IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 20-cv-00358-STV

LYNDA HICKEY,

    Plaintiff,

vs.

NATIONAL ASSOCIATION OF LETTER
CARRIERS, AFL-CIO,

    Defendant.

## AMENDED COMPLAINT

Plaintiff Lynda Hickey, by her attorney Robert M. Liechty of ROBERT M LIECHTY PC, brings her amended complaint as follows:

1.    Plaintiff Lynda Hickey resides in Wellington, Colorado.  Defendant National Association of Letter Carriers, AFL-CIO, has its headquarters in Washington DC, but has a Local Branch 849 located in Fort Collins.  All the actions relevant to this case occurred within Larimer County.

2.    Ms. Hickey began working for the Postal Service in 2000 and, since 2003, she has worked at the facility in Fort Collins, Colorado.  She has belonged to the National Association of Letter Carriers for her entire employment with the Postal Service.  She was the only deaf letter carrier at the Fort Collins facility and always received above average job reviews.

3. Ms. Hickey has a cochlear implant in her left ear and uses a hearing aid in her right ear turned up to over 100 dB. With these devices her hearing tests indicate that she can hear approximately one third of the words spoken to her.

4. Ms. Hickey had made at least 10 attempts to have the union file a grievance on her behalf because the post office would not accommodate her deafness. The union refused to file such grievances stating that there was nothing in the Collective Bargaining Agreement that would allow for such a grievance.

5. Instead of filing union grievances, Ms. Hickey filed approximately 10 EEO complaints, four of which proceeded all the way through to an EEOC determination. The union did nothing to help her with the EEO complaints.

6. In approximately 2012, Gerry Hoffman, the union's Fort Collins steward, told plaintiff, or her husband, that she could not pursue an EEO claim at the same time as a union grievance. Ms. Danielle Fake-Moorman, president of the NALC Branch 849, told plaintiff, or her husband, the same thing in 2014.

7. This was wrong. As a postal worker, Ms. Hickey was entitled to take her grievance to an arbitration and through the EEO process at the same time.

8. Ms. Hickey's new station manager as of November, 2016, Jessica Bergen, and several co-employees believed that Ms. Hickey could hear and that she was using her "alleged" deafness to make unjustified requests. Because she had sought such accommodations, Ms. Bergen and Ms. Hickey's co-employees have continually discriminated and retaliated against her.

9.      On September 30, 2017, at approximately 10:00 a.m., co-employee Jackie Raynes manufactured an incident on the work-room floor with Ms. Hickey. Ms. Raynes waited until supervision had left the building and then she surprised Ms. Hickey by confronting her from behind as Ms. Hickey was sorting her mail into cubbyholes. Ms. Hickey noticed that someone was behind her because Ms. Hickey felt something touch her heel. She turned around and saw Ms. Raynes yelling at her, inches from her face. She pushed Ms. Raynes away.

10.     Ms. Hickey was suspended without pay on October 2 and the station manager, Jessica Bergen, issued a Notice of Removal on October 17, 2017, charging Ms. Hickey with "unacceptable conduct" because she had pushed Ms. Raynes. Ms. Bergen knew that the incident was manufactured as an excuse to justify Ms. Hickey's termination.

11.     Ms. Bergen was biased against Ms. Hickey because of her disability. She wrote the following on November 16, 2017, which explained management's contentions concerning the September 30 incident and Ms. Hickey's history at the post office:

> While previous discipline has expired the rule is known [*sic*.] as this is not the first time Ms. Hickey has been notified of such inappropriate behavior; she has previously been warned thru written administrative action for altercations with her co-workers and customers, no time off and on paid time off all for the same infractions of violent behavior. Ms. Hickey has admitted she is aware of the rule and has been given multiple warnings to correct her behavior.

12.     This statement was manufactured to support Ms. Hickey's termination. Ms. Hickey received two write ups, both in 2012. In the first incident, she told Danielle Fake-Moorman, the president of NALC Branch 849, that Ms. Fake-Moorman was rude and lazy for not filing a grievance on Ms. Hickey's behalf, even though Ms. Hickey

asked her to do this numerous times. Ms. Hickey received a written reprimand for this. The second incident concerned a dispute with a Ms. Bridwell who came towards Ms. Hickey with clenched fists believing that Ms. Hickey had accused Ms. Bridwell of causing an accident while Ms Bridwell used Ms. Hickey's post office truck. Neither incident concerned Ms. Hickey's use of violence in the workplace.

13. The true reason for Ms. Hickey's termination was because Ms. Bergen did not want to work with Ms. Hickey's disability and because she was tired of Ms. Hickey's repeated attempts to obtain accommodations.

14. The Notice of Removal notified Ms. Hickey that her removal was deferred until a decision was made on the grievance, if one is filed; at the Step B level of the National Association of Letter Carriers-USPS Joint Dispute Resolution Process; or 14 calendar days after appeal was received at Step B of the grievance procedure, whichever comes first. Ms. Hickey's removal was effective on December 5, 2017, 14 calendar days after her Step B appeal was received on November 21, 2017.

15. Ms. Hickey filed a timely union grievance on her October 2 suspension and the October 17 Notice of Removal. While initiating the union grievance on the October 2 suspension, Ms. Hickey's husband asked Ms. Fake-Moorman if plaintiff could also file an EEO charge. Consistent with the misrepresentations in ¶ 6 above, Ms. Fake-Moorman told plaintiff's husband that she could not file an EEO complaint at the same time as a union grievance.

16. On April 10, 2018, Ms. Hickey filed an internal EEO complaint, triggered by discovery issues in the arbitration, claiming, among other things, that discrimination

4

and retaliation caused her termination.  Thus, she was ready and willing to file EEO complaints and would have filed an EEO complaint after the December 5 termination had she been advised that this was possible.

17.     On May 3, 2018, the arbitrator issued his decision that the Postal Service had a valid reason to terminate Ms. Hickey and denied her grievance.  On May 9, 2018, Mr. Roger Bledsoe, the western area national business agent from Hot Springs, Arkansas, called Ms. Hickey's husband about the arbitration result.  He reasserted the above misrepresentation that Ms. Hickey could not have filed an EEO charge and a union grievance at the same time.  However, he said that since the arbitration was completed, she could now file an EEO charge.

18.     On May 9, 2018, Ms. Hickey immediately sought relief through the internal EEO process, but was continually denied relief.  She sought relief all the way through the EEOC itself.  On February 2, 2019, she retained an attorney to file a Rehabilitation Act claim under 29 USC §794 in the United States district court, but her claim was dismissed because she failed to exhaust her administrative remedies by timely filing an EEO charge, which dismissal was affirmed on appeal.

19.     The Postal Service has continually argued that Ms. Hickey should have filed a request for relief under the Rehabilitation Act through the EEO process within 45 days of her termination on December 5, 2017, that is, by January 19, 2018.  Because Ms. Hickey relied upon the union's representative's statements that she could not file a union grievance and an EEO complaint at the same time, Ms. Hickey missed this filing deadline.

5

20.     In all the above proceedings, except for the proceedings in district court and on appeal, Ms. Hickey was proceeding without counsel.

### FIRST CLAIM FOR RELIEF – negligence

21.     Under Colorado's common law, a

> [d]uty is '"an expression of the sum total of those considerations of policy which leads the law to say that the plaintiff is [or is not] entitled to protection.'" … The guiding principle is "fairness under contemporary standards." … We ask: "Would reasonable persons recognize and agree that a duty of care exists"? … In deciding whether a duty exists, we have traditionally examined (1) the nature of the relationship between the parties and (2) a particular set of public policy factors.

***Weston Operator, LLC v. Groh***, 347 P.3d 606, ¶ 25 (Colo. 2015).

22.     To determine whether the union owed a duty to Ms. Hickey, a court will assess the following:

> (1) the risk involved in the defendant's conduct, (2) the foreseeability and likelihood of injury weighed against the social utility of the defendant's conduct, (3) the magnitude of the burden of guarding against the injury, and (4) the consequences of placing that burden on the defendant.

***Id.***, at ¶ 33.

23.     Even though the union had no contractual obligation under the Collective Bargaining Agreement to guide Ms. Hickey through the EEO process, the nature of the relationship between a union and its member is such that the union occupies a place of authority when it comes to advising its members of their employment rights and procedures they need to follow to protect those rights, either with or without union participation.  Thus, the union had a duty to properly answer plaintiff or her husband as to whether plaintiff could pursue an EEO claim at the same time as a union grievance, as alleged in ¶¶ 6 and 15 above.   The union breached this duty by failing to properly

answer plaintiff's question that she could pursue an EEO complaint at the same time as the union processed her grievance.

24. Because the union breached its duty to properly inform plaintiff of her rights, she missed her filing date of January 19, 2018, in which she could have filed an EEO claim of disability discrimination leading to her termination.

25. She was damaged because she would have prevailed on the claim of disability discrimination or retaliation through a Rehabilitation Act claim under 29 USC §794.

26. As a result, she has been damaged by failing to receive all the relief she would have received in the above Rehabilitation Act claim or action, which includes compensatory damages, lost wages, and attorneys fees.

## SECOND CLAIM FOR RELIEF – negligent misrepresentation

27. The union on several occasions in the course of its business with plaintiff represented to her that she could not pursue a union grievance and an EEO complaint at the same time. The union knew that plaintiff would justifiably rely upon this representation to her detriment and she did so justifiably rely. This representation was wrong because, under the regulations applicable to postal workers, she was required to pursue both avenues simultaneously.

28. The union made this representation of a material fact without exercising due care. As a result, plaintiff missed her filing date of January 19, 2018, in which she could have filed an EEO claim of disability discrimination or retaliation leading to her termination.

29. She was damaged because she would have prevailed on the claim of disability discrimination or retaliation, either during the EEO process or through a Rehabilitation Act action filed with an attorney in federal district court.

30. As a result, she has been damaged by failing to receive all the relief she would have received in the above Rehabilitation Act claim or action, which includes compensatory damages, lost wages, and attorneys fees.

WHEREFORE, plaintiff Lynda Hickey respectfully requests that this court enter judgment in her favor and for costs, interest, attorney fees, and such other relief as this court may deem proper.

Plaintiff requests trial to a jury.

Respectfully submitted this August 26, 2020.

By: s/ *Robert M. Liechty*
Robert M. Liechty
ROBERT M LIECHTY PC
1800 Gaylord St.
Denver, Colorado 80206
Tel: (303) 861-5300
Fax: (303) 861-2746
Email: rliechty@crossliechty.com
ATTORNEY FOR PLAINTIFF

8

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on this August 26, 2020, a true and correct copy of the above and foregoing **AMENDED COMPLAINT** was, unless otherwise indicated, filed electronically with the Court who provides notice to the following:

Stanley M Gosch
William Reinken
Rosenblatt & Gosch, PLLC
8085 E. Prentice Ave.
Greenwood Village, CO 80111
stan@rosenblattgosch.com
will@rosenblattgosch.com

Kate M Swearengen
Cohen, Weiss & Simon, LLP
900 3rd Ave., Suite 2100
New York, NY 10022-4869
kswearengen@cwsny.com

*Signed Original at Office of Robert M Liechty PC*

s/   *Robert Liechty*
Robert Liechty